```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

E & I HOLDINGS, LLC,

Plaintiff,

v.                         Civil Action no. 2:18-cv-00484

BELLMARI TRADING USA, INC., a
Delaware Corporation, and
PECTROLUM, INC., a New York
Corporation,

Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for a stay pending resolution of their motion to dismiss, filed September 18, 2018. The plaintiff filed a response on October 2, 2018, to which the defendants replied on October 9, 2018. On October 26, 2018, the defendants also filed a motion for a protective order to suspend discovery until resolution of the motion to dismiss. The plaintiff has not yet filed a response to that motion.

Plaintiff instituted this civil action on March 26, 2018, asserting claims against the defendants related to a "term sheet agreement" that "fell into disarray[.]" (Memo. in Support at 1). Under the agreement, "E&I agreed to obtain coal meeting certain specifications for purchase by Bellmari." Id. On May 18, 2018, defendants moved to dismiss the complaint pursuant to

the doctrine of forum non conveniens, in light of a forum selection clause in the term sheet agreement which indicates Orange County, Florida as the location for litigation. The motion to dismiss is fully briefed and ripe for decision.

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including one or more of the following: (1) that the . . . discovery not be had . . . [or] (2) that the disclosure or discovery may be had only on specified terms and conditions . . . .

Fed. R. Civ. P. 26(c). The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."). In exercising its discretion to grant a stay, a court "must weigh competing interests." Landis v. North American Co., 299 U.S. 248, 255 (1936). Parties seeking a stay generally "must make out a clear case of hardship or inequity in being required

to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." Id. at 255; see also Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."). This court considers three factors when determining whether to grant a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013) (quoting Tolley v. Monsanto Co., 591 F.Supp.2d 837, 844 (S.D.W.Va.2008)).

The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case. Defendants attest that they cannot conduct discovery or assert desired counterclaims without facing the risk of inadvertently waiving their rights under the forum selection clause, but that refraining from doing so will result in them waiving their counterclaims or running afoul of discovery obligations. Plaintiff objects, claiming that it "will suffer substantial prejudice if it is unilaterally denied discovery by the defendant, and as a result is unable to comply

with the deadlines contained [in] the Court's Orders." (Memo. in Opp. at 4). However, the court notes that staying the case will suspend the existing orders and that a stay in discovery will not apply unilaterally.

Defendants have demonstrated that they may suffer significant hardship if forced to proceed through discovery and assert claims in this forum before the court decides whether it is the appropriate forum to hear this case. It does not appear that the plaintiff will suffer any significant prejudice in delaying the proceedings until that time.

Having considered the applicable factors, the court ORDERS that defendant's motion for a stay pending resolution of the motion to dismiss be, and it hereby is, granted. It is further ORDERED that this action be, and it hereby is, stayed pending the further order of the court.

In light of this decision, the court ORDERS that the motion for a protective order be, and it hereby is, denied as moot.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: October 30, 2018

John T. Copenhaver, Jr.
United States District Judge