UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


E & I HOLDINGS, LLC,

Plaintiff,


v.                              Civil Action no. 2:18-cv-00484


BELLMARI TRADING USA, INC.,
a Delaware Corporation, and
PECTROLUM, INC., a New York
Corporation,

Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss filed by defendants Bellmari Trading USA Inc. and Pectrolum, Inc. (collectively, "Bellmari") on May 18, 2018. The plaintiff, E&I Holdings, LLC ("E&I"), responded in opposition on June 1, 2018, to which the defendants replied on June 8, 2018. The defendants seek dismissal pursuant to the doctrine of forum non conveniens.

On March 25, 2017, Bellmari and E&I entered into a term sheet agreement, wherein E&I agreed to obtain coal meeting certain specifications for purchase by Bellmari. Pertinently, that agreement contained a clause stating: "Should this Agreement be breached in any manner, either directly or

1

indirectly by any party, the parties agree this contract should be interpreted under the laws of the State of Florida, and shall be litigated in Orange County, Florida." Compl., ECF # 1, Ex. A. Nevertheless, when the agreement fell into disarray, E&I filed a complaint in this court on March 26, 2018. E&I brings four counts against Bellmari: fraud, breach of contract, interference with business relationships, and slander and defamation.

The defendants now seek dismissal of the complaint pursuant to the doctrine of forum non conveniens and the forum-selection clause. This is the proper means of enforcing a forum-selection clause pointing to a state forum. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 60 (2013) ("the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."). In the context of a mandatory forum-selection clause, the traditional forum non conveniens analysis providing great deference to the plaintiff's chosen forum is reversed, such that "the forum selection clause is 'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." BAE Sys. Tech. Sol. & Servs., Inc. v.

2

<u>Republic of Korea's Def. Acquisition Program Admin.</u>, 884 F.3d 463, 471 (4th Cir. 2018) ("<u>BAE</u>"), <u>cert. denied sub nom. Republic of Korea's Def. Acquisition Program Admin. v. BAE Sys. Sol. & Servs., Inc.</u>, No. 18-19, 2018 WL 3241795 (U.S. Oct. 1, 2018) (quoting <u>Atl. Marine Const. Co.</u>, 571 U.S. at 66 n.8). This presumption applies only to mandatory forum-selection clauses that "require[] litigation to occur in a specified forum[,]" rather than permissive forum selection clauses that "permit[] litigation to occur in a specified forum but do[] not bar litigation elsewhere." <u>Id.</u> at 470 (citing <u>Albemarle Corp. v. AstraZeneca UK Ltd.</u>, 628 F.3d 643, 650–51 (4th Cir. 2010)).

The forum-selection clause here is mandatory because it requires litigation to occur in Orange County, Florida. The plaintiff attempts to compare this forum-selection clause to the permissive one in <u>BAE</u>, which stated that any dispute "shall be resolved through litigation and the Seoul Central Court shall hold jurisdiction." <u>Id.</u> However, the difference in the clauses is clear: whereas the forum-selection clause in <u>BAE</u> merely conferred jurisdiction upon the Seoul Central Court but did not explicitly require litigation to occur there or otherwise limit the jurisdiction of other courts, here, the forum-selection clause explicitly states that the dispute "<u>shall</u> be litigated in

3

Orange County, Florida" (emphasis added), leaving no room for another forum to hear the case.  Accordingly, the court has no difficulty finding the forum-selection clause to be mandatory.

The plaintiff therefore has the burden of proving why the forum-selection clause should not be enforced.  E&I does not claim that the forum-selection clause is invalid or unreasonable, but merely argues that because only one of its four counts is a breach-of-contract claim, the forum selection clause does not apply.  The court sees no reason why the forum-selection clause should be limited solely to breach-of-contract claims.  See Lambert v. Kysar, 983 F.2d 1110, 1121–22 (1st Cir.1993) ("contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 (9th Cir.1988) (holding that a forum selection clause applies to tort claims when resolution of those claims relates to interpretation of the contract); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983), overruled on other grounds by Lauro Lines s.r.l. v. Chasser, 490 U.S. 495 (1989) (holding that "where the relationship between the parties is contractual, the pleading of alternative non-

4

contractual theories of liability should not prevent enforcement of [a forum-selection clause.]"); and <u>Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.</u>, 364 F.3d 884, 889 (7th Cir. 2004) (finding that claims for fraud were covered by a contractual forum selection clause because "the existence of multiple remedies for wrongs arising out of a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better forum for adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes.").

As earlier noted, the forum-selection clause states: "Should this Agreement be breached in any manner, either directly or indirectly by any party, the parties agree this contract should be interpreted under the laws of the State of Florida, and shall be litigated in Orange County, Florida." It does not limit itself to breach-of-contract claims; rather, it uses language – "breached in any manner" – that is sufficient to indicate that in the event the contract is breached, which for purposes of their motion the defendants assume it was, any litigation resulting therefrom shall occur in Orange County, Florida. Furthermore, each of E&I's claims relate to conduct

occurring under the purview of the parties' contractual relationship and should be brought in the same forum as the underlying claim for breach of contract.

When the parties entered into their term sheet agreement, they agreed that if it were breached, resulting litigation would occur in Orange County, Florida. The plaintiff has not provided a convincing reason, and the court sees none, as to why that agreement should not be enforced. Accordingly, the defendants' motion to dismiss for <u>forum non conveniens</u> is granted. It is thus ORDERED that the plaintiff's complaint be, and it hereby is, dismissed without prejudice to refiling in the courts of Orange County, Florida.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 26, 2018

John T. Copenhaver, Jr.
Senior United States District Judge